IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-322-GCM

| | | |
|---|---|---|
| ROBERT LOUIS BRISSIE AND DENISE CLONINGER BRISSIE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| HUTCHINS, SENTER, KELLAM & PETTIT, P.A. ET. AL., | ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER comes before the Court on the Court's own motion and on Defendant Mecklenburg County Sheriff's Department's Motion to Dismiss, [Doc. No. 18], and Plaintiffs' opposition, [Doc. No. 25]. For the reasons stated herein, Defendant's Motion is GRANTED.

On May 29, 2013, Plaintiffs filed the instant Complaint alleging violations of 18 U.S.C. §§ 241 and 242, 42 U.S.C. §§ 1983, 1985(3), 1986 and state tort claims of abuse of process, malicious prosecution, intentional infliction of emotional distress, and mail fraud arising out of a foreclosure proceeding on property owned by the Plaintiffs in Charlotte, North Carolina. Named as Defendants are Mecklenburg County Sheriff's Department; Hutchens Senester, Kellam & Pettit, P.A.; Valerie Lewis; Fannie Mae; Freddie Mac; Bank of America, N.A.; Mortgage Electronics Recording System; Trustee Services of Carolina, LLC; All Realtor Agents; All Financial institutions; Substitute Trustee Services; Horack Talley, Pharr, and Lownes; and First Financial Corporation.

According to the Complaint and Defendant's Motion to Dismiss, on March 27, 2012, the Assistant Clerk of Mecklenburg County Superior Court issued an order that the Substitute trustee could foreclose on the Plaintiffs' property.[1] The property was sold on May 30, 2013 to Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP.[2] The Plaintiffs allege that their claims in the Amended Complaint "was caused by a fraudulent foreclosure procedure . . . filed in the Court of Common Pleas of Mecklenburg County . . . by an unidentified Attorney of the law firm Hutchens, Senter, Kellam & Pettit, P.A. . . . and Valerie Lewis." [Doc. No. 5 at 2]. According to the Plaintiffs' the master mortgage was not properly filed, there was an incomplete warranty deed, and illegal foreclosure and wrongful eviction on August, 2012, May 2013 and June 2013. [Doc. No. 5 at 2].

DISCUSSION

Defendant argues that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as the Court lacks subject matter jurisdiction over Plaintiffs' Complaint and also pursuant to 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. The Court need not reach Defendant's 12(b)(6) argument as the Court agrees that it lacks subject matter jurisdiction over Plaintiff's Complaint.

Plaintiffs' Amended Complaint amounts to a collateral attack on the underlying state court proceedings, which is barred by the Rooker-Feldman Doctrine. The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon

---

[1] The Order is attached to the Motion to Dismiss. *See Happel v. Wal-Mart Stores, Inc.*, 286 F.Supp.2d 943, 945 (N.D. Ill. 2003) ("a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment.")
[2] The Order is attached to the Motion to Dismiss.

2

losing party's claim that the state judgment itself violates the losers federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1983); *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416 (1923). The doctrine applies both to issues actually decided by state courts and to "constitutional claims that are inextricably intertwined with questions ruled upon by the state court." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (internal quotations marks omitted).

The Plaintiffs' Amended Complaint is based entirely upon their contention that the foreclosure proceedings in state court were fraudulent. As the injuries alleged in the Plaintiffs' Complaint stem from the state court proceedings, and Plaintiffs are seeking a judgment from this Court that would have the effect of invalidating the state court proceedings, their amended complaint is barred by the Rooker-Feldman doctrine and must be dismissed. *See Broome v. Sharonview Fed. Credit Union*, 2010 U.S. Dist. Lexis 56777 at * 4-5 (W.D.N.C. 2010) (dismissing Plaintiff's civil rights complaint arising out of foreclosure action under Rooker-Feldman); *See also Hunter v. U.S. Bank National Association*, 698 F.Supp 2d 94, 99-100 (D.D.C 2010) (holding that Plaintiff's claims that the state court judgment of foreclosure violated his due process rights under the Fifth and Fifteenth Amendments fell squarely within the Rooker-Feldman doctrine because "[a]ll of the injuries in the Complaint stem from the foreclosure of the Property, and Hunter is explicitly seeking a judgment from this Court that would have the effect of modifying the state court's judgment of foreclosure.").

**NOW, THEREFORE, IT IS ORDERED** that:

(1) Plaintiffs' Complaint is barred by the Rooker-Feldman doctrine and is therefore DISMISSED;

(2) Defendant's Motion to Dismiss [Doc. No. 18] is GRANTED;

(3) Defendant Mecklenburg County Sheriff's Department is dismissed;

(4) All other Defendants are also dismissed as this Court lacks subject matter jurisdiction;

(5) The Clerk is directed to close this case.

**SO ORDERED**.

Signed: July 22, 2013

Graham C. Mullen
United States District Judge